# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF WALKER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Dr. WECHSLER, et. al.,<br><br>　　　　　Defendants. | Case No. 1:16-cv-01417-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF FOR LACK OF JURISDICTION**<br><br>**(Doc. 4)**<br><br>**30-DAY DEADLINE** |

　　　　Plaintiff filed a motion seeking injunctive relief and/or a temporary restraining order asserting that three staff, Omar, Alex, and Alfredo have been assigned to monitor him ("1:1"). Plaintiff states that, because of his underlying Post-Traumatic Stress Disorder from sexual assaults while he was incarcerated, this causes him great anxiety and has resulted in his hospitalization for high blood pressure. Plaintiff further allege that Alfredo sexually assaulted him when he was asleep and that "Janet and Carolyn placed him 1:1 on purposes in Plaintiff's belief to assault him as Alfredo later told Plaintiff he was bisexual." (Doc. 4.)

　　　　As an initial matter and as stated in the recently issued screening order, Plaintiff has not stated a cognizable claim upon which relief may be granted, such that there is no actual case or controversy before the Court at this time, and Court lacks the jurisdiction to issue the orders sought by Plaintiff. *Summers v. Earth Island Institute*, 129 S.Ct. 1142, 1149 (2009); *Stormans, Inc. v. Selecky,* 586 F.3d 1109, 1119 (9th Cir. 2009); 18 U.S.C. § 3626(a)(1)(A). ). If the Court

does not have an actual case or controversy before it, it has no power to hear the matter in question.  *Id.*  Requests for prospective relief are further limited by 18 U.S.C. § 3626 (a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court ensure the relief "is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."  Relief for Plaintiff cannot be narrowly drawn here as Plaintiff fails to state what relief he seeks.

Finally, Plaintiff does not seek the temporary restraining order and/or preliminary injunction against the Defendants in this action.  "A federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court*."  *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).  Thus, Plaintiff's motion must be denied for lack of jurisdiction over the subject matter and persons who Plaintiff asserts are antagonizing and even assaulting him.

Plaintiff is not precluded from attempting to state cognizable claims in a new action if he believes his civil rights are being violated beyond his pleadings in this action.  The issue is not that Plaintiff's allegations are not serious, or that Plaintiff is not entitled to relief if sought in the proper forum.  The seriousness of Plaintiff's accusations concerning his anxiety and sexual assault cannot and do not overcome what is a *jurisdictional* bar.  *Steel Co.*, 523 U.S. at 103-04 ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.")  This action is simply not the proper vehicle for conveyance of the relief Plaintiff seeks.[1]  However, given the seriousness of Plaintiff's statements, a copy of this order and Plaintiff's motion will be served on the Executive Director of Coalinga State Hospital to assist with addressing Plaintiff's concerns.[2]

---

[1] Plaintiff's motion also fails to make the requisite showing, supported by admissible evidence, to obtain a preliminary injunction.  *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20-4, 129 S.Ct. 365, 376 (2008).  However, it is unnecessary to reach the merits of Plaintiff's motions in light of the fact that the jurisdictional issue is fatal to his requests for relief.  *Summers*, 555 U.S. at 493, 129 S.Ct. at 1149; *Mayfield*, 599 F.3d at 969.

[2] The manner of addressing Plaintiff's concerns is left to the sound discretion of CSH officials in light of his housing status and other custody or classification factors.

1 | Accordingly, the Court RECOMMENDS that Plaintiff's motion for injunctive relief, filed on September 30, 2016 (Doc. 4), be DENIED for lack of jurisdiction.  However, the Clerk's Office be directed to forward a copy of this order and Plaintiff's motion (Doc. 4) to the Executive Director at Coaling State Hospital to alert hospital officials of Plaintiff's concerns.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **30 days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  Local Rule 304(b).  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 11, 2016**                    **/s/ Jennifer L. Thurston**
                                                 UNITED STATES MAGISTRATE JUDGE