# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF WALKER, | Case No. 1:16-cv-01417-JLT (PC) |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTIONS FOR INJUNCTIVE RELIEF WITH PREJUDICE FOR LACK OF JURISDICTION** |
| v. | |
| Dr. WECHSLER, et. al., | **(Docs. 4, 7, 8, 11, 12, 14)** |
| Defendants. | |

Plaintiff has filed multiple motions seeking injunctive relief and/or temporary restraining orders on various aspects of the conditions under which he is confined at CSH.

In his first motion for injunctive relief[1], Plaintiff asserts that three staff members, Omar, Alex, and Alfredo have been assigned to monitor him ("1:1"). (Doc. 4.) Plaintiff states that, because of his underlying Post Traumatic Stress Disorder from sexual assaults while he was incarcerated, this causes him great anxiety and has resulted in his hospitalization for high blood pressure. (*Id.*) Plaintiff further asserts that Alfredo sexually assaulted him when he was asleep and that "Janet and Carolyn placed him 1:1 on purpose in Plaintiff's belief to assault him as Alfredo later told Plaintiff he was bisexual." (*Id*.) Plaintiff requests that "the defendants" be restricted from having "any contact 1:1 Danter [sic] to Others or if ever on Suicide watch or any

---

[1] Findings and Recommendations issued on this motion. (Doc. 7.) Subsequently, Plaintiff consented to Magistrate Judge jurisdiction. (Doc. 9.) Thus, this order issues in lieu of an order adopting thereon.

1

1  watch 1:1 to be placed from sitting or watching Plaintiff" and that prohibitions extend to CSH
2  personnel in Unit 5 -- leads Carolyna and Sandy Galaraza, as well as Alfred Doe, Randy Doe, and
3  Alex Doe.
4     In his second motion, which requested a temporary restraining order, Plaintiff asserts that
5  Alfred McAllister threatened to kill Plaintiff when he alleged that McAllister sexually assaulted
6  him while he slept.  (Doc. 8.)  Plaintiff requests that McAlister and Alex Hill be removed from his
7  unit and ordered to have no contact with his unit.  (*Id.*)
8     In his third motion, Plaintiff requests to be moved to from Unit #9 to Unit #10, or for his
9  safety to be guaranteed while if he remains in Unit #9.  (Doc. 11.)
10    Federal courts are courts of limited jurisdiction and in considering a request for
11 preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it
12 have before it an actual case or controversy.  *City of Los Angeles v. Lyons*, 461 U.S. 95, 102
13 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454
14 U.S. 464, 471 (1982).  This Court recently screened the First Amended Complaint and found that
15 it states a cognizable claim for excessive force against Defendant Nurse Domiano, RN that
16 Plaintiff proceeds on in this action.  All other claims and Defendants have been dismissed.
17    Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the
18 Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly
19 drawn, extends no further than necessary to correct the violation of the Federal right, and is the
20 least intrusive means necessary to correct the violation of the Federal right."  This means that the
21 Court is limited to addressing issues that relieve or correct Nurse Domiano's use of excessive
22 force against Plaintiff, nothing more.  The pendency of this action does not give the Court
23 jurisdiction over prison officials in general or over the general conditions of Plaintiff's detention.
24 *Summers v. Earth Island Institute*, 555 U.S. 488, 492-93 (2009); *Mayfield v. United States*, 599
25 F.3d 964, 969 (9th Cir. 2010).  The Court's jurisdiction is limited to the parties in this action and
26 to the cognizable legal claims upon which this action is proceeding.  *Summers*, 555 U.S. at 492-
27 93; *Mayfield*, 599 F.3d at 969.
28    In the three motions noted above, Plaintiff does not seek a temporary restraining order

and/or preliminary injunction against Defendant Nurse Domiano.  "A federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court.*"  *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).  Thus, Plaintiff's motion must be denied for lack of jurisdiction over the officials at CSH whom Plaintiff wishes to be precluded from making certain decisions about his supervision and housing.

It is not that Plaintiff's allegations are not serious, or that if properly supported and brought in the proper forum, they would not entitle him to relief.  However, the seriousness of Plaintiff's accusations cannot overcome a *jurisdictional* bar.  *Steel Co.*, 523 U.S. at 103-04 ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.")  This action is simply not the proper vehicle for the relief Plaintiff seeks. [2]  However, the Executive Director and Litigation Coordinator are requested to look into the matter and if possible, facilitate a housing arrangement which does not exacerbate Plaintiff's mental condition.[3]

In Plaintiff's last two motions for injunctive relief, he requests the Court order CSH personnel to cease and desist involuntarily medicating him. (Docs. 12, 14.)  As discussed above, the Court lacks jurisdiction over CSH personnel or administrators to issue orders directed at controlling their actions.  *Zepeda*, 753 F.2d at 727.  Further, "the due process clause permits the involuntary medication of a competent SVP with antipsychotic drugs in the absence of an emergency, provided that such treatment is in the SVP's medical interest."  *In re Calhoun*, 121 Cal.App.4th 1315, 1349 (2004) (citing *Washington v. Harper*, 494 U.S. 210 (1990).  The SVPA contains no provision comparable to Penal Code section 2600, which affords state prisoners the right to refuse antipsychotic medication in the absence of compliance with the *Keyhea*

---

[2] Plaintiff's motions also fail to make the requisite showing, supported by admissible evidence, to obtain a preliminary injunction.  *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20-4 (2008).  However, it is unnecessary to reach the merits of Plaintiff's motions in light of the fact that the jurisdictional issue is fatal to his requests for relief.  *Summers*, 555 U.S. at 493, 129 S.; *Mayfield*, 599 F.3d at 969.

[3] How this is best facilitated in light of Plaintiff's housing status and other detention or classification factors is left to the sound discretion of CSH officials.

injunction.[4] *Id.*, 121 Cal.App.4th at 1349.  Though a prison inmate has a right to due process before he can be medicated, a SVP has already been judicially determined to be suffering from a mental disorder that renders him dangerous to others. *In re Calhoun,* 121 Cal.App.4th at 1348. Accordingly, the due process clause permits the involuntary medication of a competent SVP with antipsychotic drugs in the absence of an emergency, provided that such treatment is in the SVP's medical interest. *Washington v. Harper*, 494 U.S. 210.  Thus, Plaintiff may be involuntarily medicated if it is in his medical interest.[5]

Accordingly, the Court **ORDERS** that Plaintiff's motions for injunctive relief, filed on September 30, 2016 (Doc. 4), October 14, 2016 (Doc. 8), November 18, 2016 (Doc. 11), November 30, 2016 (Doc. 12), and December 5, 2016 (Doc. 14), are **DENIED WITH PREJUDICE** for lack of jurisdiction; and the Clerk of the Court is directed to serve a copy of this order and of Plaintiff's motions (Docs. 4, 8, 11, 12, 14) on the CSH Executive Director and Litigation Coordinator.

IT IS SO ORDERED.

Dated:   **December 14, 2016**          /s/ Jennifer L. Thurston
                                         UNITED STATES MAGISTRATE JUDGE

---

[4] *See Keyhea v. Rushen*, 178 Cal.App.3d 526 (1986) (providing procedural requirements and substantive standards for medication of different durations of state inmates; involuntarily medication of an inmate more than 24 days after the initial medication requires a court order requiring due process compliance).

[5] Decisions made by medical professionals are presumptively valid. *Mitchell v. Washington*, 818 F.3d 436, 443 (9th Cir. 2016)