# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF WALKER,<br><br>      Plaintiff,<br><br>    v.<br><br>Dr. WECHSLER, et. al.,<br><br>      Defendants. | **Case No. 1:16-cv-01417-JLT (PC)**<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>**(Doc. 17)** |

Plaintiff filed a motion for reconsideration of the order screening his First Amended Complaint. In that prior order, the Court permitted him to proceed only on his claim of excessive force against Nurse Domiano. (Doc. 17.) After reviewing Plaintiff's motion, it is clear that it must be denied since he fails to show new evidence or clear error.

Rule 60(b) of the Federal Rules of Civil Procedure provides that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; . . . or (6) any other reason justifying relief from the operation of judgment." Motions under Rule 60(b) "must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

1

Relief under Rule 60 "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted) (addressing reconsideration under Rules 60(b)(1)-(5)). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." *Id.* (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the [ ] court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Plaintiff bases his motion for reconsideration on his assertion that he is proceeding on similar issues in three other actions "with success and others pending" and identifies his other actions as "*Walker v. Sgt. F. Villalobos, Walker v. Dr. Scott,* and *Walker v. Mohadjer.*" (Doc. 17.) Thus, Plaintiff asserts that his pleading defects in this action can be cured. (*Id.*) However, whether Plaintiff has been allowed to proceed on allegations in other actions, does not demonstrate he can correct the defects in his pleading in this action.

Furthermore, though Plaintiff has filed numerous actions in this District,[1] he has no actions, pending or closed, named "*Walker v. Sgt. F. Villalobos*" or "*Walker v. Dr. Scott.*" Though he was the plaintiff in an action titled "*Walker v. Mohadjer,*" contrary to Plaintiff's assertion, that action was dismissed both for his failure to exhaust administrative remedies prior to filing suit and for failure to state any cognizable claims. *See Walker v. Mohadjer, et al.*, 2:13-

---

[1] Judicial notice may be taken of undisputed matters of public record, including documents on file in federal or state courts. Fed.Rules Evid.Rule 201, 28 U.S.C.A.; *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (2012).

cv-01193-WBS-AC (PC), Docs. 125, 128.  Plaintiff provides no other basis upon which he seeks reconsideration of the screening order and the Court finds none.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 303, this Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the Court finds that the order which allowed Plaintiff to proceed only on a claim of excessive force against Defendant Nurse Domiano and dismissed all other claims and Defendants, which issued on December 15, 2016 (Doc. 16), to be supported by the record and proper analysis.

Accordingly, the Court **ORDERS** that Plaintiff's motion for reconsideration, filed on December 27, 2016, (Doc. 17), is **DENIED**.

IT IS SO ORDERED.

Dated:   **December 29, 2016**                    **/s/ Jennifer L. Thurston**
                                                  UNITED STATES MAGISTRATE JUDGE