# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF WALKER,<br><br>        Plaintiff,<br><br>    v.<br><br>WECHSLER, et al.,<br><br>        Defendants. | 1:16-cv-01417-JLT (PC)<br><br>**ORDER ON DEFENDANT'S MOTION TO DISMISS**<br><br>**(Doc. 26)**<br><br>**ORDER REVOKING *IN FORMA PAUPERIS* STATUS AND REQUIRING PLAINTIFF TO PAY $400.00 FILING FEE**<br><br>**21-DAY DEADLINE** |

## INTRODUCTION

On April 18, 2017, Defendant filed a motion to dismiss this action under 28 U.S.C. § 1915(e)(2)(A) based on Plaintiff's false declaration of poverty in his application for *in forma pauperis* status, or in the alternative, to declare Plaintiff a vexatious litigant, and to require him to post security. (Doc. 26.) Because Plaintiff was not impoverished when he filed his application to be granted IFP status, it is **REVOKED** and Plaintiff is required to pay the $400.00 filing fee.

## DISCUSSION

**I.    Plaintiff's *In Forma Pauperis* Status**

    **A.    Legal Standard**

An indigent party may be granted permission to proceed IFP upon submission of an

affidavit showing inability to pay the required fees.  28 USC § 1915(a). The determination as to whether a plaintiff is indigent and therefore unable to pay the filing fee falls within the court's sound discretion.  *California Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (reversed on other grounds).

"The trial court must be careful to avoid construing the statute so narrowly that a litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or foregoing life's plain necessities."  *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984), citing *Potnick v. Eastern State Hospital*, 701 F.2d 243, 244 (2d Cir. 1983) (per curiam); *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).  "But, the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar."  *Temple*, 586 F. Supp. at 850, citing *Brewster v. North American Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

On September 23, 2016, Plaintiff filed both the original complaint and a form application to proceed IFP.  (*See* Docs. 1, 2.)  Though Plaintiff's efforts in filling out the application were less than technically correct, the Court construed it leniently in his favor and granted it.  (Doc. 5.)[1]

### B. Defendant's Motion

Defendant contends that Plaintiff's IFP application was intentionally misleading and that his declaration of poverty was false, requiring dismissal of the action.  (Doc. 26.)  To this end, Defendant submits evidence showing that, on September 19, 2016, via pro bono counsel, Plaintiff received $10,000 in settlement of a lawsuit filed in the Northern District of California -- *Walker v. Jones, et al.,* Case No. 08-cv-0757 CRB.  In that action, Plaintiff entered a stipulation to dismiss the case with prejudice in exchange for $10,000.[2]  Defendant contends that this action must be dismissed since Plaintiff's allegation of poverty on his IFP application, which was filed on

---

[1] The Court was aware of Plaintiff's prolific filing history and that he probably had three strikes under 28 U.S.C. § 1915.  However, the Court granted Plaintiff's IFP application because it appeared from his allegations, that he met the "imminent danger exception" to the PLRA.  (Doc. 6.)

[2] The Court takes judicial notice of the filings and rulings in *Walker v. Jones, et al.*, Case No. 08-cv-0757 CRB as they are undisputed matters of public record -- i.e. documents on file in a federal court.   Fed.Rules Evid.Rule 201, 28 U.S.C.A.; *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (2012).  Plaintiff disputes neither their existence, nor the accuracy of their contents.

September 23, 2016 was untrue. (Doc. 26-1, p. 8 (citing 28 U.S.C. § 1915(e)(2)(A)).)

### C. Plaintiff's Reply

In reply, Plaintiff acknowledges that he received a $10,000 settlement in *Walker v. Jones*, but contends that he "already had obligations." (Doc. 31, p. 1.) Plaintiff lists "8000.00 or so on business Aces floral service Roses on line store, FTD, etc."; "gave mother and father 700.00"; "Phone bills 50.00 Mo, or so"; and "Numerous bills still owed." (*Id.*) Plaintiff states this is why he "noted Indigent" and that "money sent now is from family or friends to help me get cosmeticts (sic) etc, here at the hospital." (*Id.*)

### D. Analysis

The evidence shows that Plaintiff had an action in the U.S. District Court for the Northern District of California which settled on December 31, 2013. (*See* Doc. 27-1, p. 5.) Plaintiff's pro bono attorney in that action, received $10,000 on Plaintiff's behalf on the same day that Plaintiff signed his IFP application in this action -- September 19, 2016.[3] (*Compare* Doc. 2, p. 2, Doc. 27-1, p. 3.) Plaintiff was clearly not impoverished when he alleged poverty on his IFP application in this action.

Section 1915 (e)(2)(A) of Title 28 of the United States Code authorizes a court to "dismiss [a] case if the allegation of poverty is untrue." This Court has the discretion to dismiss a case with prejudice where a plaintiff has, in bad faith, filed a false affidavit of poverty. *Finan v. Good Earth Tools, Inc.*, 565 F.3d 1076 (8th Cir. 2009) (en banc rehearing denied); *Thomas v. General Motors Acceptance Corp.*, 288 F.3d 305 (7th Cir. 2001); *Mathis v. New York Live Insurance Company*, 133 F.3d 546 (7th Cir. 1998) (finding dismissal with prejudice for intentional misrepresentation of financial status not abuse of discretion under the PLRA); *Romesburg v. Trickey*, 908 F.2d 258, 259-60 (8th Cir. 1990); *Dawson v. Lennon,* 797 F.2d 934, 935 (11th Cir.1986) (per curiam); *Thompson v. Carlson,* 705 F.2d 868, 869 (6th Cir.1983) (per curiam); *Harris v. Cuyler,* 664 F.2d 388, 389-91 (3d Cir.1981).

Defendant contends that "it is clear that Plaintiff was able to afford the cost of this litigation at the time he requested IFP status in this case" and that Plaintiff's omission of the

---

[3] Though Plaintiff signed his IFP application on September 19, 2016, it was not filed in this action until four days later, on September 23, 2016. (*See* Doc. 2.)

$10,000 on his IFP application was intentional. (Doc. 26-1, 9:5-9.) It is true that Plaintiff checked both "Yes" and "No" to receipt of money from any sources other than as listed on the IFP application, but did not disclose those settlement proceeds. (*See* Doc. 2.) However, the evidence presented shows that nearly three years had lapsed between settlement of Plaintiff's case in the Northern District and his counsel's receipt of the settlement proceeds. No evidence has been presented to show that Plaintiff was aware that his attorney's office had received the settlement proceeds when Plaintiff signed his IFP application and gave it to custodial staff for mailing to the Court. No such instantaneous knowledge of counsel's receipt of the settlement monies should be presumed -- particularly since nearly three years had lapsed since Plaintiff's Northern District case settled. If Plaintiff's pro bono counsel filed this case and the IFP application for Plaintiff, knowledge of receipt of those settlement funds might extend to Plaintiff, but this is not the case. There is no evidence to find that Plaintiff acted in bad faith when he filed his false affidavit of poverty to warrant dismissal.

On the other hand, "If an applicant has the wherewithal to pay court costs, or some part thereof, without depriving himself and his dependents (if any there be) of the necessities of life, then he should be required, in the First Circuit's phrase, to 'put his money where his mouth is.'" *Williams v. Latins*, 877 F.2d 65 (9th Cir. 1989) (affirming district court denial of *in forma pauperis* where in past 12 months, plaintiff received a sum of $5,000 settling a civil action and no indication it was unavailable to plaintiff) (citing, *Temple*, 586 F.Supp. at 851(quoting *In re Stump*, 449 F.2d 1297, 1298 (1st Cir. 1971) (*per curiam*)). A plaintiff should not be required to pay the filing fee when it would prevent him from providing his dependents with the necessities of life. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). Plaintiff has not shown that he has any dependents who would have been deprived of the necessities of life if he paid the filing fee and, since Plaintiff is currently civilly detained, the State of California is paying for his necessities of daily life. *Williams*, 877 F.2d 65.

Since it is clear that Plaintiff was not impoverished when he filed this action, his IFP status is properly revoked and he must pay the $400.00 filing fee to proceed in this action.[4]

---

[4] Defendant's request for Plaintiff to be declared a vexatious litigant and to post a security need not be reached at this time since the result of this order is likely to be dispositive of this action.

**ORDER**

Plaintiff was not impoverished when he filed his IFP application and his IFP status is properly revoked. There is no evidence that Plaintiff acted in bad faith when he filed his false affidavit of poverty to warrant dismissal. However, Plaintiff must pay the $400.00 filing fee in full to proceed in this action. Accordingly, the Court **ORDER**:

1. Defendant's motion, filed on April 18, 2017 (Doc. 26), to dismiss this action based on Plaintiff's untrue allegation of poverty on his application to proceed *in forma pauperis* is **GRANTED in part** and **DENIED in part**:

    a. It is granted in as much as Plaintiff's *in forma pauperis* status is **REVOKED**;

    b. It is denied in as much as the action is not dismissed and Plaintiff may proceed if he pays the filing fee in full; and

2. **Within 21 days of the date of service of this order, Plaintiff SHALL pay the full $400.00 filing fee, failure to do so will result in dismissal of this action**.

IT IS SO ORDERED.

Dated: **June 10, 2017**         /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE

5