UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF WALKER,<br><br>    Plaintiff,<br><br>    v.<br><br>WECHSLER, et al,<br><br>    Defendant. | Case No.: 1:16-cv-01417 JLT-BAK (EPG) (PC)<br><br>**ORDER DENYING MOTION TO REOPEN ACTION**<br><br>(Doc. 36) |

Jeff Walker, proceeding *pro se*, filed a civil rights complaint with this Court in 2016. (Doc. 1.) When the Court revoked his *in forma pauperis* status and ordered him to pay the filing fee, he did not. Consequently, in 2017, the Court dismissed the action. Pending before the Court is Plaintiff's "Motion to Reopen this Action Due to Mental Impairment." (Doc. 36.)

**I.    RELEVANT PROCEDURAL BACKGROUND**

Soon after Plaintiff filed the first amended complaint, Defendant filed a Motion to Dismiss and Request for Judicial Notice. (Docs. 26, 27.) After full briefing by Plaintiff, the Court issued its Order on Defendant's Motion to Dismiss and Order Revoking *In Forma Pauperis* Status and Requiring Plaintiff to Pay $400 Filing Fee. (Doc. 33.) More specifically, the Court granted Defendant's motion in part, revoking Plaintiff's *in forma pauperis* status, and denying dismissal of the action should Plaintiff pay the filing fee in full. (*Id*. at 5.) The Court ordered Plaintiff to pay the $400 filing fee within 21 days and cautioned him that his failure to do so

would result in dismissal of the action. (*Id*.)

When more than 30 days lapsed without Plaintiff paying the filing fee, the Court issued its Order Dismissing Case Without Prejudice and entered Judgment the same date. (Docs. 34, 35.) Nearly five year later, Plaintiff filed the instant motion to reopen the action. (Doc. 36.)

## II. DISCUSSION

Plaintiff contends he was unable to pursue his claims in this action because he was "Involuntarily Forced' medicated with Anti Psychotic medication dated Nov-1-2016 in house" at Coalinga State Hospital. (Doc. 36 at 1.) Plaintiff asks this Court to take judicial notice of *Walker v. Mina Beshara*, et al., Case No. 1:20-cv-01050 JLT-HBK, wherein it is alleged defendant "Illegally Forced medicating with Anti-psychotic medication [Plaintiff] in 2017 court ordered for three and half to four years ending in March 2021." (*Id*. at 2.) Plaintiff also recounts other efforts to obtain relief in state court actions. (*Id*. at 2-3.) Plaintiff asks the Court to "re-open" this action because he "had every Intention of pursuing this claim and could have corrected any errors with supporting case laws, documented evidence, etc." (*Id*. at 3.) Plaintiff contends the violations of his constitutional rights "should not be ignored because of mental impairment which prohibited [his] ability to go forward." (*Id*.)

Although Plaintiff does not state a rule of procedure, liberally construed, the Court will treat the motion as a Rule 60 motion for relief from judgment or order. Fed. R. Civ. P. 60(b).

Rule 60(b) provides in pertinent part:

> **Grounds for Relief from a Final Judgment, Order, or Proceeding**. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to more for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is

>> based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

A motion under subsections (1), (2), and (3) must be filed within one year; motions made under the other subsections must be filed "within a reasonable time." Fed. R. Civ. P. 60(c)(1). Under the catchall provision of Rule 60(b)(6), the Court has the power to reopen a judgment even after one year. *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 393 (1993).

Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Entres., Inc. v. Estate of Bishop*, 229 F.3d 977, 890 (9th Cir. 2000) (citations omitted); *see also Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)). In seeking reconsideration under Rule 60, the moving party "must demonstrate both injury and circumstances beyond his control." *Harvest*, 531 F.3d at 749 (internal quotation marks & citations omitted).

Though Plaintiff states he was unable to litigate this action due to being involuntarily medicated in November 2016, the docket reflects Plaintiff filed motions (*see* Docs. 14, 17) and submitted documentation concerning service of process (*see* Doc. 19) during the month of December 2016. Also, following the filing of Defendants' motion to dismiss (Doc. 26) and the Court's Order to Show Cause (Doc. 30), Plaintiff filed an opposition to Defendants' motion to dismiss on May 30, 2017. (*See* Doc. 31.) Plaintiff actively prosecuted this action for a period of six months after he was involuntarily medicated, a fact which undercuts his claim of an inability to pursue his claims.

Additionally, the Court notes that on June 12, 2017, it issued an order partially granting Defendants' motion to dismiss by revoking Plaintiff' IFP status. (Doc. 33 at 1-4.) Thus, the Court ordered Plaintiff to pay the $400 filing fee within 21 days or risk dismissal of the action. (*Id*. at 5.) The docket reflects Plaintiff did not pay the filing fee. The Court then issued its Order Dismissing Case Without Prejudice (Doc. 34) and entered Judgment (Doc. 35) on July 13, 2017. Therefore, it appears the dismissal of this action had little, if anything, to do with Plaintiff's mental state. Rather, dismissal occurred because Plaintiff failed to pay the filing fee necessary to

maintain the action and as ordered by the Court.

For the reasons stated above, Plaintiff has failed to demonstrate the circumstances at issue were beyond his control. *Harvest*, 531 F.3d at 749. Plaintiff is not entitled to the extraordinary remedy he seeks.

### III. CONCLUSION AND ORDER

Accordingly, the Court **ORDERS** that Plaintiff's motion to reopen his action (Doc. 36) is **DENIED**.

IT IS SO ORDERED.

Dated: __May 2, 2022__                               /s/ Jennifer L. Thurston
                                                UNITED STATES DISTRICT JUDGE