UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFF WALKER,<br><br>   Plaintiff,<br><br> v.<br><br>WECHSLER, et al,<br><br>   Defendant. | Case No.: 1:16-cv-01417 JLT (PC)<br><br>**ORDER DENYING REQUEST TO REINSTATE CASE**<br><br>(Doc. 41) |

  Jeff Walker, proceeding *pro se*, filed a civil rights complaint with this Court on September 23, 2016. (Doc. 1.) On July 13, 2017, the action was dismissed without prejudice for Plaintiff's failure to pay the filing fee. (Doc. 34.) Judgment was entered that same date (Doc. 35) and the case was closed. On April 11, 2022, Plaintiff moved to re-open the case. (Doc. 36.) Construing that filing as a motion for reconsideration under Federal Rule of Civil Procedure 60, the motion was denied in a written decision issued May 2, 2022. (Doc. 40.)

  Now pending before the Court is Plaintiff's "Request Re-Instatement of this Case" filed on November 28, 2022. (Doc. 41.) Plaintiff states he is mentally impaired and lacked the mental capacity "to move forward or answer this claim." (*Id*. at 1.) He states that in November 2016 he was involuntarily medicated with anti-psychotic medication that sedated and incapacitated him. (*Id*.) Plaintiff states he was "not in his right state of mind that lead to this original filing." (*Id*.) He contends an expert could testify "to those facts" and that he has "supporting documents"

1  regarding his mental health. (*Id.*) Plaintiff asks this Court to take judicial notice of "Walker v. Lt.
2  Kool et al., 15-cv-05819-HSG," stating that "court granted claims to go forward similarly situated
3  ordering defendants to respond 10-26-22." (*Id.*) Plaintiff states that any other "time delay can be
4  explained with numerous, post conviction criminal writs, 851.8 petitions to seal and destroy arrest
5  records," making reference to a proceeding in Santa Clara County and good cause for "delay, 26
6  yrs later." (*Id.* at 2.) Next, Plaintiff writes "Sacramento 13 yr delay good cause 851.8," a "San
7  Francisco filing" involving a delay, and appellate proceedings in the California Court of Appeal
8  for the First Appellate District "now being reviewed." (*Id.*) Finally, Plaintiff references "writs"
9  and "Factual Innocence," "Walker v. Guzman et al." and "New, 2022," noting he was prevented
10 from pursuing a claim "to be added to all other plaintiff did send this court request re-
11 consideration if denied is warranted based on this new info." (*Id.*)

## DISCUSSION

13      As mentioned, the Court has previously denied a request by Plaintiff to reopen his case.
14 (Doc. 40.) Plaintiff made many of the same assertions he makes now, primarily claiming he was
15 involuntarily medicated and therefore unable to pursue his claims in this action. (*Id.* at 2.) The
16 Court concluded that despite Plaintiff's assertion he was unable to litigate or pursue his claims in
17 this action because he was involuntarily medicated in November 2016, the record revealed
18 Plaintiff "actively prosecuted this action for a period of six months after he was involuntarily
19 medicated, a fact which undercuts his claim of an inability to pursue his claims." (*Id.* at 3.)
20 Further, the Court noted the dismissal in this action "had little, if anything, to do with Plaintiff's
21 mental state" and that the dismissal of this action was Plaintiff's failure to pay the $400 filing fee
22 after the Court partially granted Defendants' motion to dismiss regarding revocation of Plaintiff's
23 *in forma pauperis* status. (*Id.* at 3-4.) The Court found Plaintiff had failed to demonstrate
24 circumstances beyond his control and denied his motion to reopen the action. (*Id.* at 4.)
25      Plaintiff's latest request also fails to demonstrate "circumstances beyond his control" that
26 would warrant reopening of his action. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (the
27 moving party "must demonstrate both injury and circumstances beyond his control") (internal
28 quotation marks & citations omitted). As Plaintiff has been previously advised, reconsideration of

2

a prior order—here, an Order dismissing the action for Plaintiff's failure to obey a court order and failure to pay the required filing fee—is "'an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Kona Enterprises, Inc. v. Estate v. Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citations omitted).

Under Federal Rule of Civil Procedure 60(b), a party seeking reconsideration from an order may be relieved by demonstrating: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that could not have been discovered with reasonable diligence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief. Local Rule 230(j)(3) requires a party filing a motion for reconsideration to show the "new or different facts or circumstances [] claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions for relief pursuant to Rule 60(b) are addressed to the sound discretion of the district court. *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004).

Plaintiff's request does not demonstrate mistake, inadvertence, surprise or excusable neglect. Fed. R. Civ. P. 60(b)(1). Nor does it demonstrate newly discovered evidence that could not have been discovered with reasonable diligence. Fed. R. Civ. P. 60(b)(2). The request makes no showing of fraud, misrepresentation, or misconduct by an opposing party. Fed. R. Civ. P. 60(b)(3). Nor has Plaintiff demonstrated the judgment entered in July 2017 is void or that it has been satisfied, released or discharged. Fed. R. Civ. P. 60(b)(4) & (5).

As before, the Court considers whether Plaintiff has demonstrated any other reason that would justify the extraordinary relief Plaintiff now seeks. Fed. R. Civ. P. 60(b)(6). Plaintiff previously argued that he was involuntarily medicated in November 2016 and that he was therefore unable to litigate his case or pursue his claims in this action. He makes the same argument here.[1] Despite references to other pending actions in both state and federal courts and

---

[1] The Court notes that Plaintiff claims he was involuntarily medicated November 1, 2016 and thus he was unable to pursue his claims. Again, a review of the docket in this action reveals Plaintiff actively litigated his case during the relevant period between November 2016 and July 2017. Plaintiff filed a motion for temporary restraining order on November 18, 2016 that was signed November 15, 2016. (Doc. 11.) He filed similar motions on November 30 and December 5, 2016. (Docs. 12 & 13.) Plaintiff filed a motion for

"delays," Plaintiff offers nothing new to justify the relief he seeks. He fails to explain how these other filings speak to his failure to pay the required filing fee in this action. He fails to make any attempt to explain how this Court's previous reasoning for the denial of his earlier request to reopen this action should be changed due to new facts or different circumstances. It is nothing more than a rehash of his previous argument. *Arteaga v. Asset Acceptance, LLC*, 733 F. Supp. 2d 1218, 1236 (E.D. Cal. 2010) ("party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden") (citation omitted); *see also Evans v. Shittu*, No. 1:20-cv-01317-DAD-SAB (PC), 2021 WL 1928534, at *2 (E.D. Cal. May 13, 2021) ("Here, plaintiff's motion does not identify any basis under Rule 60(b) upon which this court should reconsider its order dismissing this action due to plaintiff's failure to pay the filing fee as required. Instead, plaintiff merely reiterates that his 'severe varicose veins are life threatening and CDCR's negligence has made [his] condition progressively worse while in custody'"); *Sami Mitri v. Walgreen Co.*, No. 1:10-CV-538 AWI SKO, 2015 WL 1876133, at *1 (E.D. Cal. Apr. 10, 2015) ("Reconsideration should not be used merely to ask the court to rethink what it has already thought").

**CONCLUSION AND ORDER**

In sum, this action was dismissed for Plaintiff's failure to pay the required filing fee. Plaintiff's latest attempt to reopen this action is unavailing because he offers nothing new or different that would justify the extraordinary remedy he seeks. Accordingly, Plaintiff's request for reinstatement of this action (Doc. 41) is **DENIED**. No further motions or requests will be entertained in this closed case.

IT IS SO ORDERED.

Dated:   **December 15, 2022**

UNITED STATES DISTRICT JUDGE

---

reconsideration on December 27, 2016. (Doc. 17.) He submitted documents related to service of process on that same date. (Doc. 19.) And finally, Plaintiff opposed Defendants' motion to dismiss on May 30, 2017. (Doc. 31.) There is nothing in any of Plaintiff's filings to indicate he was unable to pursue his claims in this action.

4